845 So.2d 720 (2003)
Deandre RISER a/k/a Kenny Lee, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01822-COA.
Court of Appeals of Mississippi.
May 13, 2003.
*721 Wesley Thomas Evans, Canton, attorney for appellant.
Office of the Attorney General, by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
McMILLIN, C.J., for the court.
¶ 1. Deandre Riser a/k/a Kenny Lee (hereafter "Riser") was found guilty by a Madison County jury of one count of murder and four counts of aggravated assault. He was sentenced to life imprisonment on the murder conviction and twenty years on each aggravated assault conviction, the assault sentences to be served consecutively to each other and consecutively to the murder sentence. Originally, Riser had *722 been indicted upon the murder charge only. Two weeks prior to his trial date, the grand jury returned a new indictment which included the murder charge as well as the four aggravated assault charges. On appeal Riser asserts that the trial court should have quashed the indictment or granted his motion for severance of the various counts. In the alternative Riser claims that, conceding the propriety of the multiple count indictment and the court's authority to try all counts in a single proceeding, the trial court abused its discretion in refusing his motion for a continuance.

I.

Facts
¶ 2. We deal primarily with procedural questions in this appeal, rendering it unnecessary to give a lengthy recitation of the facts of the case. It is enough to say that the State presented evidence showing that Riser entered a business establishment in Canton known as Leroy's Club and, without apparent provocation, purposely shot five patrons inside the club. One shooting victim was fatally wounded.

II.

Multi-Count Indictment
¶ 3. Originally, Riser was indicted only on a murder charge involving the deceased victim. That indictment was handed down by the grand jury in 1998. A trial date was ultimately set for June 11, 2001. In May 2001, a different grand jury returned a new indictment charging Riser with one count of murder, being the same charge in the original indictment, together with four additional counts, each one for aggravated assault against the remaining four victims who survived the shooting.
¶ 4. Defense counsel filed a motion to quash the indictment on the grounds that the multi-count indictment was prejudicial to Riser's right to a fair trial for several reasons, including an assertion that the crimes were unrelated and, therefore, did not fit into the narrowly-defined circumstance where such an indictment is proper. The motion was denied and the case proceeded to trial on the original trial date.
¶ 5. Riser argues first that the trial court committed reversible error by not granting severance of the multi-count indictment that was issued just prior to trial. Historically, multi-count indictments were prohibited in Mississippi by decisions of the Mississippi Supreme Court such as Stinson v. State, 443 So.2d 869, 873 (Miss. 1983). However, in 1986 the Legislature adopted a multi-count indictment statute and the Mississippi Supreme Court subsequently adopted a procedural rule allowing such indictments in language that essentially tracked the statute. Miss.Code Ann. § 99-7-2 (Rev.2000); URCCC 7.07. The critical element of the statute and the rule is that such indictments are authorized only when the alleged crimes arise out of the same transaction or are parts of a common scheme.
¶ 6. When a multi-count indictment has been returned and the defendant requests severance, the trial court is required to conduct a hearing. Corley v. State, 584 So.2d 769, 772 (Miss.1991). The State bears the burden at that hearing of demonstrating that the alleged offenses do indeed arise out of the same transaction or are parts of a common scheme. Corley, 584 So.2d at 772. The defense "may rebut by showing that the offenses were separate and distinct acts or transactions." Id. The trial court is admonished to consider the time period between the offenses, whether evidence proving each offense would be admissible to prove the other counts, and whether the offenses are interwoven. *723 Id. When these factors are properly considered, this Court will give deference to the trial court's findings when challenged on appeal, employing an abuse of discretion standard. Id.
¶ 7. The trial judge, in ruling on the motion in this case, recognized that the offenses occurred at the same place. It was also brought to his attention that the entire incident was over in a matter of minutes. The trial judge commented on the difficulty presented if the fact witnesses were allowed only to testify to a specific charge since the offenses were so interrelated that telling the story of what happened would be much harder if the offenses were severed. Riser did not make a showing of how each offense was separate and distinct. In this situation, we are unable to discover reversible error in the trial court's ruling.

III.

Denial of a Continuance
¶ 8. On appeal, Riser alternatively contends that, even if it was permissible to try him on all counts in one trial, the Court erred in denying his request for a continuance and forcing him to go to trial so soon after the new indictment was issued. The denial of a continuance is not an issue that may be reviewed for error on appeal when the matter is not assigned as a ground for a new trial in an appropriate post-trial motion. Crawford v. State, 787 So.2d 1236, 1242 (¶ 25) (Miss.2001). In Riser's motion filed after the guilty verdicts were returned, his only assertions are that the verdict was against the overwhelming weight of the evidence and that the verdict was contrary to the applicable law and the evidence. The trial court judge cannot be put in error on that which he did not have an opportunity to pass upon its validity. Id.
¶ 9. Though this procedural bar may appear harsh at first glance, we observe that, at the time a continuance motion is made before trial commences, there necessarily must be some measure of conjecture or speculation as to the extent the defendant would, in fact, be prejudiced by being forced to trial at a time when he contended that he was not prepared. However, after the trial is concluded, issues regarding prejudice arising from being forced to trial too early could be expected to be more apparent and could be demonstrated with a measure of certainty that simply would not be available before trial commenced. Requiring the matter to be raised once again gives the trial court an opportunity to reconsider its earlier ruling after becoming armed with actual knowledge about how the trial actually progressed and what problems the defense encountered because of lack of time to adequately prepare. That would appear to be an entirely reasonable requirement, having the potential to avoid the waste of judicial resources involved in requiring an appellate court to consider an issue based on information that was not available to the trial court when it considered the issue for the first time. We find this issue procedurally barred because it was not raised before the trial court in a new trial motion.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF COUNT I MURDER AND SENTENCE OF LIFE IMPRISONMENT; COUNTS II, III, IV, AND V OF CONVICTIONS OF AGGRAVATED ASSAULT AND SENTENCES OF TWENTY (20) YEARS EACH WITH THESE SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER, AND CONSECUTIVELY TO COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS *724 APPEAL ARE ASSESSED TO MADISON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.