869 So.2d 1047 (2004)
Eric OWENS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01385-COA.
Court of Appeals of Mississippi.
January 6, 2004.
Rehearing Denied April 6, 2004.
*1048 Brian H. Neely, Tupelo, attorney for appellant.
*1049 Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and THOMAS, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Eric Owens has appealed his conviction in the Circuit Court of Lee County for sale of cocaine. He purports to raise six issues on appeal that warrant reversal of his conviction. We find that four of the issues are without merit. We further find that the remaining two issues were abandoned for failure to frame the issues with sufficient specificity or to support the contentions raised in those issues with argument based on logic or citation to supporting authority. We, therefore, affirm Owens's conviction.
¶ 2. Because none of the issues properly before this Court deal directly with the evidence of guilt, it is unnecessary to recite the underlying factual basis that led to Owens's indictment, trial, and conviction.

I.

Batson Challenge
¶ 3. Owens contends that the State, over his timely objection, systematically excluded African American venire members from serving on the jury through the use of its peremptory challenges in violation of the holding in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In actuality, defense counsel's only assertion on the record was that the State had exercised one of its peremptory strikes to eliminate Melissa Cayson, alleged by defense counsel to be a black female. The prosecutor responded that he had struck Ms. Cayson because she was the only potential juror who had responded on the jury questionnaire that she was unemployed and that the prosecutor was unaware that she was African American and, in fact, had been informed after the challenge was presented that Ms. Cayson was not, in fact, an African American.
¶ 4. The trial court, without conducting any further factual inquiry to determine the venire member's race, disallowed Owens's Batson challenge.
¶ 5. Once a Batson challenge is raised, the trial court is charged to first determine whether a prima facie case of discriminatory strikes has been made. Id. at 96, 106 S.Ct. 1712. Only if the court concludes that a prima facie case has been established should it require the prosecutor to state race-neutral reasons for having struck potential jurors belonging to the relevant racial group. Id. at 97, 106 S.Ct. 1712.
¶ 6. In this case, the assertion was that the State was systematically excluding African American jurors; however, the sole alleged factual basis for that assertion was that Ms. Cayson had been struck and that she was a member of the affected racial group. Other than defense counsel's assertion, there is no evidence to establish the fact of Ms. Cayson's race. This assertion was countered by the prosecution's contrary view that, insofar as the State knew, Ms. Cayson was not, in fact, an African American. Defense counsel made no further effort to establish the factual basis for his contention even though the determination of this disputed fact would have been quite easy to accomplish since the affected venire member had not yet been excused.
¶ 7. On these facts, we determine that the trial court was correct in denying the Batson challenge on the basis that Owens had not satisfactorily established a prima facie case of discriminatory exercise of peremptory strikes by the prosecution.

*1050 II.

Challenge for Cause
¶ 8. Owens also alleges that the trial court committed reversible error when it failed to allow his challenge for cause to Juror 52, Elizabeth Murphy. Owens challenged her for cause based on her revelation during voir dire that she had previously been the victim of a crime.
¶ 9. This issue is without merit for several reasons.
¶ 10. First of all, the record does not affirmatively show that Juror 52 served on the jury. Actual service on the jury by the incompetent juror is one of the essential prerequisites for appellate relief on this ground. Chisolm v. State, 529 So.2d 635, 639 (Miss.(1988)).
¶ 11. Secondly, even if it is conceded for sake of argument that Juror 52 did serve, there is no evidence that the defense was forced to accept her because it had exhausted its peremptory challenges when Juror 52 was reached. Id.
¶ 12. Finally, the trial court enjoys substantial discretion in ruling on challenges for cause. Berry v. State, 703 So.2d 269, 292(¶ 85) (Miss.1997). After reporting that she had been a crime victim, Juror 52 was further questioned and affirmatively stated that she could remain an objective juror nevertheless. The trial court, having heard her representations, apparently found them to be genuine. We can find nothing in this record that would indicate that this ruling constituted an abuse of the discretion afforded the trial court in matters such as this.

III.

Amendment to Indictment
¶ 13. The State originally sought to amend the indictment to seek enhanced punishment under Section 99-19-81 of the Mississippi Code on the basis that Owens was an habitual offender with at least two prior felony convictions. Owens contends on appeal that this violated his constitutional right to be charged through an indictment by a grand jury.
¶ 14. Again, Owens is plainly wrong for two equally compelling reasons. First, before sentencing occurred, the State formally abandoned its motion to amend the indictment, and therefore, Owens was not subjected to enhanced punishment based on his prior criminal record. Secondly, it is well established in this state that an amendment to the indictment to allege the offender's status as an habitual offender subject to enhanced punishment is not a substantive amendment requiring grand jury action but may be allowed by the trial court on proper motion by the prosecution. URCCC 7.09; Mitchell v. State, 792 So.2d 192, 201-02 (¶¶ 31-32) (Miss.2001); Ellis v. State, 469 So.2d 1256, 1257 (Miss.1985).

IV.

Denial of Continuance
¶ 15. The morning of trial, defense counsel moved for a continuance based on his contention that the confidential informant in the case may have been a former client and that this represented a conflict of interest that might hinder the vigor with which he would be able to cross-examine the informant if she appeared as a State's witness. However, in his brief, Owens appears to abandon this contention and cites only authority that it is error to deny a continuance if the result is that the defense has inadequate time to prepare for trial, citing United States v. Scott, 48 F.3d 1389 (5th Cir.1995), reh'g and suggestion for reh'g en banc denied, 56 F.3d 1387 (5th Cir.1995), and cert. denied, 516 U.S. 902, 116 S.Ct. 264, 133 L.Ed.2d 187 (1995).
¶ 16. On these facts, we consider the issue regarding defense counsel's prior professional relationship with a potential witness for the State to have been abandoned *1051 on appeal. We further find that the general contention of lack of time to adequately prepare for trial is procedurally barred because it was not presented to the trial court for resolution and was, instead, raised for the first time on appeal. Mitchell v. Glimm, 819 So.2d 548, 552(¶ 11) (Miss.Ct.App.2002) (citing Gatlin v. State, 724 So.2d 359, 369(¶ 43) (Miss.1998)).

V.

Final Two Issues
¶ 17. Owens purports to raise two final issues regarding (a) denial of his requested jury instructions and allowance of the State's requested instructions and (b) the failure to grant certain defense motions. The defendant's brief of these two issues consists of broad general assertions regarding both contentions. The brief does not point out what particular instructions were improperly refused or allowed or state in what particular manner the court's ruling affected the fundamental fairness of the trial. Similarly, beyond a statement that the court erred in denying "the numerous Defense motions," the brief does not identify those motions by citation to the record or otherwise, nor does it offer any argument as to how the denial of these motions prejudiced Owens in the presentation of his defense.
¶ 18. It is the duty of the appellant to state with some particularity the facts forming the basis for his contentions, including a citation to the portion of the record where those facts may be discovered. Randolph v. State, 852 So.2d 547, 557-58 (¶¶ 28-30) (Miss.2002). It is also the appellant's duty to present an argument that is persuasive and, where appropriate, is supported by citations to authority establishing the validity of his contentions. Id. Because Owens has failed to meet the burden placed on him as appellant as to these two issues, we decline to consider them further.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS SUSPENDED, AND POST-RELEASE SUPERVISION FOR FIVE YEARS, PAY A FINE OF $10,000 AND RESTITUTION OF $120 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.
IRVING, J., concurring in part and dissenting in part:
¶ 20. I agree with the opinion of the court regarding its treatment of the Batson issue. However, I continue to believe, as I have expressed in prior separate writings, that striking a juror because he is unemployed violates the public policy of this state as expressed by the legislature in Mississippi Code Annotated section 13-5-2 (Rev.2002) which states:
It is the policy of this state that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court, and that all qualified citizens have the opportunity in accordance with this chapter to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose. A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin, or economic status.

(emphasis added).
¶ 21. While it is true that the Mississippi Supreme Court has held in a number of *1052 cases that striking a juror because he is unemployed does not violate Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), I am not aware of any case by our supreme court construing section 13-5-2 with respect to its proscription against excluding a juror because of economic status. I do not think it is reasonably debatable that striking a juror because he is unemployed is striking the juror because of his economic status. One's unemployment affects and determines his economic status.
¶ 22. Although Batson does not address the constitutionality of peremptory strikes based on economic status, it does not preclude the states from circumscribing other juror statuses which may not be subject to peremptory strikes. In enacting section 13-5-2, it seems obvious to me that our legislature has determined that peremptory strikes based on economic status are illegal in Mississippi. Therefore, I dissent from that portion of the Court's opinion which inferentially approves the striking of juror Cayson because of her economic status.