918 So.2d 791 (2005)
Jimmy GRAVES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02214-COA.
Court of Appeals of Mississippi.
May 17, 2005.
Jimmy Graves, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
IRVING, J. for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Jimmy Graves was indicted by a Rankin County grand jury for the possession of more than thirty grams of cocaine. On July 16, 2002 Graves executed a petition to enter a guilty plea to the offense in the indictment. After determining that Graves' decision to plead guilty was voluntary, the Circuit Court of Rankin County accepted Graves' plea. Graves was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections with the execution of the last five years stayed and suspended on the terms and conditions prescribed in the order. Graves was also ordered to complete a long term alcohol and drug treatment program and to pay $650. On August 21, 2003, Graves filed a motion for post-conviction relief. However, the trial court denied the motion stating that the sentencing order did not contain a provision retaining jurisdiction of the case for judicial review and that statutory law specifically prohibited reduction of the sentence imposed once a defendant has begun serving his sentence. Aggrieved, Graves now appeals.
¶ 2. We find no error in the trial court's denial of post-conviction relief; therefore, we affirm the trial court.

STANDARD OF REVIEW
¶ 3. Our standard of review of a trial court's denial of post-conviction relief is *792 well-settled. "When reviewing a lower court's decision to deny a petition for post-conviction relief, [an appellate court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

DISCUSSION
¶ 4. Graves has failed to file a brief with this court and has only filed a collection of documents relating to his arrest and conviction. Whatever issues were presented to the circuit court have not been presented here, and we cannot discern from the collection of documents any issue cognizable of appellate review. Therefore, we have nothing to address in this appeal.
¶ 5. Rule 28 of the Rules of Appellate Procedure provides that the brief of the appellant shall contain a statement of the issues presented for review. Further, it is the appellant's duty to state relevant facts forming the basis for his contentions, including a citation to the portion of the record where those facts may be discovered. Owens v. State, 869 So.2d 1047(¶ 18) (Miss.Ct.App.2004). The appellant must also present an argument that is persuasive and supported by citations to authorities that establish the validity of his contentions. Id. Because Graves failed to provide us with a statement of the issues and failed to file a brief or cite any relevant authority in support of whatever issues he desired reviewed, we find that he has failed to meet his appellate obligations and burden of persuasion. Accordingly, we affirm the decision of the trial court.
¶ 6. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.