986 So.2d 328 (2007)
Michael F. PALMER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01503-COA.
Court of Appeals of Mississippi.
October 30, 2007.
Rehearing Denied April 15, 2008.
*329 Stephen Nick, Greenville, attorney for appellant.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In May of 2005, Michael Palmer was tried for the sexual battery, attempted sexual battery, and criminal fondling of his two stepdaughters, Alice and Jane,[1] who were twelve and fourteen at the time of the alleged abuse. Just before trial, Palmer filed a motion for a continuance to have the children evaluated by an independent psychologist. That motion was denied. During trial, the court allowed hearsay testimony into evidence concerning Palmer's abuse of Alice, the youngest stepdaughter, under the tender years exception found in Mississippi Rule of Evidence 803(25). Subsequently, Palmer was convicted of the attempted sexual battery of Jane, and of fondling both Alice and Jane.
¶ 2. Aggrieved, Palmer appeals, asserting that: (1) the trial court erred in denying Palmer's continuance motion; (2) the trial court erred in admitting hearsay testimony regarding the abuse of Alice under Mississippi Rule of Evidence 803(25); and (3) that the trial court gave deficient instructions to the jury regarding his indictment for sexual battery, attempted sexual battery, and fondling. Finding no error, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
¶ 3. In March of 2004, Alice and Jane wrote a letter to their grandmother in which they accused their stepfather, Michael *330 Palmer, of sexually abusing them. Thinking the letter was an apology for something else, their grandmother did not read the letter until three months later. When the grandmother finally asked the girls about the letter, they begged her not to tell their mother. Unfortunately, she obliged.
¶ 4. In September of 2004, Alice and Jane wrote another letter, this time to their mother. After reading the letter and confirming the allegations with Alice and Jane, the mother took the girls in for a medical examination, where nurses found some evidence supporting their allegations of abuse.
¶ 5. Later that day, Alice and Jane were taken to the local police department, so that they could make statements and file charges against their stepfather, Michael Palmer. Afterwards, they and their mother were taken to a nearby domestic abuse shelter. During the next two weeks, the girls were interviewed by both a Mississippi Department of Human Services social worker and therapists working with the Mississippi Children's Advocacy Center. Each interview concluded that the girls' allegations of abuse were credible.
¶ 6. Palmer was indicted for sexual battery, attempted sexual battery, and fondling in December of 2004. Prior to trial, Palmer filed a motion for a continuance in January of 2005, which was granted. In May, he filed another motion for a continuance, which he amended three different times. Among other things, the amendments requested more time in order for Palmer to secure the services of an independent psychologist to interview the girls. That second continuance motion was denied. Palmer's trial began on May 18, 2005. Before empaneling the jury, the trial court held a hearing to determine the applicability of Mississippi Rule of Evidence 803(25) (the "tender years" hearsay exception) to Alice and Jane. After hearing testimony from the girls, their mother, their grandmother, and the social workers and therapists who interviewed them, the court found that Rule 803(25) applied to Alice but not to Jane.
¶ 7. During the course of the trial, the court allowed hearsay testimony from several witnesses concerning Palmer's abuse of Alice under Rule 803(25). After the close of evidence, the trial court instructed the jury on sexual battery, attempted sexual battery, and fondling. The jury convicted Palmer of the attempted sexual battery of Jane, and of fondling both Alice and Jane. Palmer made no post-trial motions.
¶ 8. Palmer now asserts that the trial court was in error when it denied his second motion for a continuance, when it allowed hearsay testimony into evidence concerning Alice under M.R.E. 803(25), and when it instructed the jury on sexual battery, attempted sexual battery, and fondling. These assignments of error give rise to his appeal.

DISCUSSION AND ANALYSIS

1. The denial of the continuance motion was not reversible error.
¶ 9. Palmer argues that it was error for the trial court to deny his second motion for a continuance. This Court, however, has consistently held that for an assignment of error based on a continuance motion to be properly preserved for appeal, it must be presented in a post-trial motion for a new trial. Specifically, "[t]he denial of a continuance is not an issue that may be reviewed for error on appeal when the matter is not assigned as a ground for a new trial in an appropriate post-trial motion." Riser v. State, 845 So.2d 720, 723(¶ 8) (Miss.Ct.App.2003) (citing Crawford *331 v. State, 787 So.2d 1236, 1242(¶ 25) (Miss.2001)).
¶ 10. Although this rule may seem harsh, we have provided good reasons for its strict enforcement, stating that:
at the time a continuance motion is made before trial commences, there necessarily must be some measure of conjecture or speculation as to the extent the defendant would, in fact, be prejudiced by being forced to trial at a time when he contended that he was not prepared. However, after the trial is concluded, issues regarding prejudice arising from being forced to trial too early could be expected to be more apparent and could be demonstrated with a measure of certainty that simply would not be available before trial commenced. Requiring the matter to be raised once again gives the trial court an opportunity to reconsider its earlier ruling after becoming armed with actual knowledge about how the trial actually progressed and what problems the defense encountered because of lack of time to adequately prepare.
Riser, 845 So.2d at 723(¶ 9). Consequently, we need not reach the question of whether or not the trial court erred in failing to grant Palmer's second continuance motion. Palmer failed to address the issue in a post-conviction motion for a new trial, and therefore this assignment of error is moot.

2. The admission of hearsay evidence under M.R.E. 803(25) was proper.
¶ 11. Palmer asserts that the trial court erred in its application of Rule 803(25) (the "tender years" exception) to the youngest victim, Alice. Rule 803(25) has three substantive elements. These are: (1) a finding that the child is of tender years; (2) a finding, in a hearing conducted outside the presence of the jury, that the child's statements provide substantial indicia of reliability; and (3) that the child either testify at trial, or if the child is shown to be unavailable, that there is corroborative evidence of the act. M.R.E. 803(25). The comments to the Rule suggest twelve factors for trial courts to use in making a determination that a child is of tender years. M.R.E. 803(25) cmts. Furthermore, the supreme court has established a rebuttable presumption that children under the age of twelve are of tender years. Veasley v. State, 735 So.2d 432, 436-37(¶ 16) (Miss.1999).
¶ 12. We review decisions regarding the admission or exclusion of evidence under an abuse of discretion standard. Yoste v. Wal-Mart Stores, Inc., 822 So.2d 935, 936(¶ 7) (Miss.2002). In this case, the trial court properly conducted an 803(25) hearing outside the presence of the jury. The court heard testimony from both Alice and Jane, as well as other witnesses who would be offering statements based on hearsay. In its ruling on the applicability of Rule 803(25), the trial court reviewed its findings of fact with regard to all twelve suggested factors listed in the comments to Rule 803(25), finding that both girls' statements possessed substantial indicia of reliability. The court then explicitly found that, for the purposes of Rule 803(25), Alice was of tender years but Jane was not, relying in part of the supreme court's ruling in Veasley and in part on its own findings with respect to their mental and emotional maturity. Alice was present for and testified during the trial.
¶ 13. Palmer argues that we should overturn the trial court's application of the Veasley presumption because his second continuance motion was denied, which he claims prevented him from gathering evidence which he could have used to rebut the presumption. Although we have already addressed the continuance issue *332 above and found it to be moot, we also note that the trial court only partially relied on the Veasley presumption in finding that Alice was of tender years for the purposes of Rule 803(25). The trial court also made substantial independent inquiries into both girls' mental and emotional ages, and the record indicates that those findings played an equal role in the court's application of Rule 803(25) to Alice and its refusal to allow testimony under Rule 803(25) about Jane. Accordingly, Palmer's assignment of error on this issue is also without merit, and we find that the trial court's application of Rule 803(25) was proper.

3. The instructions to the jury were not deficient.
¶ 14. Finally, Palmer argues that the jury instructions given at trial were improper, and that we should overturn his conviction and remand this case for a new trial based on those improper instructions. Specifically, he argues that the jury was improperly instructed on rape, and not attempted sexual battery, and that in the alternative the instruction on attempted sexual battery was flawed as it failed to include language indicating that Palmer could only be found guilty if he did not actually complete the crime. Finally, he argues that the jury instructions on fondling were deficient.
¶ 15. First, we note that although the original jury instruction on counts I and II of the indictment, which were sexual battery and attempted sexual battery, was given as an instruction on the crimes of rape and attempted rape, this instruction was subsequently amended to include appropriate language for the crimes of sexual battery and attempted sexual battery. Furthermore, Palmer objected to language included in the amended instruction on attempted sexual battery, and that language was stricken from the instruction. He failed to object to any other language. Under our previous rulings, "failure to make a contemporaneous objection and allow the trial court opportunity to cure the defect is a procedural bar and constitutes a waiver of the argument on appeal." Baker v. State, 930 So.2d 399, 412-13(¶ 30) (Miss.Ct.App.2005) (quoting Mitchell v. Glimm, 819 So.2d 548, 552(¶ 11) (Miss.Ct.App.2002)). Furthermore, "an objection on one or more specific grounds constitutes a waiver of all other grounds." Burns v. State, 729 So.2d 203, 219(¶ 67) (Miss.1998). By objecting to some of the language in the instruction on attempted sexual battery, Palmer waived any further objections to the language of that instruction. Accordingly, we find his assignment of error on this issue to be without merit.
¶ 16. Palmer argues that the jury instructions on the crime of fondling were insufficient in that they did not define the words "lust", "depraved", and "licentious" for the jury. He also asserts that the instruction was deficient in that it did not state that he could be convicted regardless of whether he had the child's consent. Again, however, Palmer failed to object to the language of these instructions or the form in which they were given, and so we are barred from considering them under Baker. Therefore, we also find his assignment of error on this issue to be without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF COUNT II ATTEMPTED SEXUAL BATTERY WITH A SENTENCE OF THIRTY YEARS AND COUNTS III AND IV FONDLING WITH SENTENCES OF FIFTEEN YEARS EACH, WITH ALL SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY *333 OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The names of the victims have been changed to protect their identities.