GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Eric L. Owens’s pro se motion for post-conviction collateral relief was dismissed as time-barred by the Circuit Court of Lee County. Owens now appeals the dismissal of his motion and argues the following assignments of error: (1) his sentence is illegal; (2) his indictment was improper; (3) he received ineffective assistance of counsel at trial; and (4) he should be granted relief based on the cumulative errors committed by the circuit court. We find that this Court is without jurisdiction to decide Owens’s appeal; thus, the appeal is dismissed.
 

 FACTS
 

 ¶ 2. Owens was indicted on one count of the sale and transfer of cocaine pursuant to Mississippi Code Annotated section 41-29 — 139(a)(1) (Rev.2005). A jury found Owens guilty of the crime charged, and Owens was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of post-release supervision.
 

 ¶ 3. Owens appealed his conviction to this Court. The conviction was affirmed on January 6, 2004.
 
 Owens v. State,
 
 869 So.2d 1047 (Miss.Ct.App.2004). He filed a petition for rehearing, which was denied on April 6, 2004. The time for filing a writ of certiorari to the supreme court passed with no action taken by Owens; thus, the mandate in his direct appeal was issued on April 27, 2004.
 

 ¶ 4. Owens filed his motion for post-conviction collateral relief on May 8, 2007. Having been filed more than three years after the ruling on Owens’s direct appeal, the motion was dismissed by the circuit court as time-barred.
 

 STANDARD OF REVIEW
 

 ¶ 5. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 Whether this Court has jurisdiction to decide Owens’s appeal from the circuit cowi’s dismissal of his motion for post-conviction collateral relief
 

 ¶ 6. The Mississippi Uniform Post-Conviction Collateral Relief Act requires that when a conviction and sentence have been affirmed on direct appeal, a defendant must seek permission from the supreme court before filing a motion for post-conviction collateral relief in the circuit court. Miss.Code Ann. § 99-39-7 (Rev.2007). Our review of the record on appeal reveals that no such permission was obtained by Owens.
 

 ¶ 7. This Court has held that “[tjhis procedure is not merely advisory, but jurisdictional.”
 
 Doss v. State,
 
 757 So.2d 1016, 1017(¶ 6) (Miss.Ct.App.2000). Because Owens was not granted permission to file by the supreme court, the circuit court did not have jurisdiction to hear his motion for
 
 *188
 
 post-conviction collateral relief. As such, this Court is also without jurisdiction to decide his appeal.
 

 ¶ 8. Accordingly, Owens’s appeal is dismissed for lack of jurisdiction.
 

 ¶ 9. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.