# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00700-COA

**TRACEY TYRONE ISAAC A/K/A TRACEY**  **APPELLANT**
**ISAAC A/K/A TRACEY T. ISAAC A/K/A TRACY**
**TYRONE ISAAC**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/08/2015 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TRACEY TYRONE ISAAC (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S REQUESTS TO ALTER BIRTH CERTIFICATE AND ISSUE SUMMONSES |
| DISPOSITION: | AFFIRMED: 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     In 2012, Tracey Isaac was indicted for the unlawful sale of at least one-tenth gram but less than two grams of cocaine within 1,500 feet of a church, as a habitual offender. Miss. Code Ann. §§ 41-29-139 (Supp. 2015), 41-29-142 (Rev. 2013), and 99-19-81 (Rev. 2015). He later pleaded guilty to the unlawful-sale charge, and the State did not move forward on the habitual-offender portion of the indictment. Isaac was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve and fifteen

years suspended, followed by five years of post-release supervision.

¶2. Isaac's request for relief is unclear. The brief submitted to this Court contains no request for relief, and the statements do not place any appealable issues before the Court. Additionally, the record consists almost exclusively of Isaac's own handwritten motions and exhibits; the circuit court found these documents "largely nonsensical."

¶3. The circuit court filed two orders responding to Isaac's latest filings. The first order, filed on April 6, 2015, dismissed Isaac's request that the court allow him to change the race listed on his birth certificate to "Moorish American." The second order, filed April 8, 2015, denied a motion in which Isaac requested that the court allow him to issue summonses for a civil suit that he thought he filed against the Mississippi Parole and Probation Office. It is not clear from which order Isaac purports to appeal. "[This Court] cannot discern from the collection of documents any issue cognizable of appellate review." *Graves v. State*, 918 So. 2d 791, 792 (¶4) (Miss. Ct. App. 2005).

¶4. Isaac's brief also mentions various docket numbers that, if in existence, are not included in this appeal. He discusses various issues that he has placed before the courts below, including motions regarding forfeitures of property, requests to change his birth certificate, and claims of identity theft and extortion.

¶5. "It is the duty of the appellant to state with some particularity the facts forming the basis for his contentions, including a citation to the portion of the record where those facts may be discovered." *Owens v. State*, 869 So. 2d 1047, 1051 (¶18) (Miss. Ct. App. 2004). Further, "Rule 28 of the Rules of Appellate Procedure provides that the brief of the appellant

shall contain a statement of the issues presented for review." *Graves*, 918 So. 2d at 792 (¶5).

¶6.     Because Isaac has failed to present any issues properly before this Court on appeal, has not presented any particular facts to support his assertions, and has not requested any particular relief, we affirm the circuit court's orders denying relief.

¶7.     **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**